Council, and we will hear from, uh, is it possible to turn the sound up a little bit? We, we're having a tough time hearing the court. Could the sound be turned up a little bit, please? Okay. We'll take a look at that. Thank you. Did you turn it best you can do? Yeah. Okay. I think that's about the best we can do. We'll, we'll try to speak up a little bit. We can hear you now. We can hear you. We can hear you fine. Mr. Parrish. And so if you're ready, um, you can proceed. Thank you, your honors. First of all, let me thank the court for allowing me to do this remotely. I'm in the midst of a triple homicide case in Des Moines, Iowa. So I appreciate the accommodation on behalf of myself and my client. We're in the second week of that trial because the sentencing hearing, uh, before the sentencing hearing, Mr. Combs case, it was only a classic example of the inequities of the sentencing guidelines when they are applied to young adults who engage in the practice commonly known as tech as sexting. 54%, as we've stated in our brief, engage in this conduct. The sentencing guidelines are not, nor were they ever structured to deal with all of the complex issues in our society. Clearly not how to send us young people under these circumstances. During the sentencing hearing, another issue developed that warrants a remand because of district court judge and defense counsel was led to believe that a witness called as a victim was not designated by the pre-sentence report to be a victim, nor was she listed as a victim by the government. We know contrary to the court judge relied on a testimony because the court specifically commented on it. When he said the victim impact statement, that's what the judge called it. And he says, we know of a harm that has been done and it is enormous. And that was right before he sentenced Mr. Combs. Unlike the strong case that district court did not comment on in this case, it was caught. It was as a clear error out of the age circuit. Also in our brief, we outlined the young ladies. We believe who are victims under the statute. They are the ones who were sent explicit pictures to Mr. Combs. Some of them were not victims. The government at that point was required at the sentencing hearing to present by preponderance of the evidence, the evidence that supported that they were a victim and should be treated in the grouping. The grouping we believe was also erroneous in addition to adding two points for each of the groups. We think that was an issue. First of all, SW was not a victim as defined by USC 2251 or 2256 and the sub paragraphs of that. She never once sent an explicit photo establishing that. Now the government indicates that perhaps we did not object, but you can see in the transcript that the district court judge called for victim impact statements before she got up. And there were several confusing parts of that. Mr. Combs did not recognize her as a victim. The prosecutor in response to what the judge asked her indicated that this was a victim. And the district court judge thought it was a victim at the time he made the statement. Counsel, can you hear me? Not a victim. I'm sorry, go ahead. Yeah, so I'm interested in the argument with regard to procedural error on victim three, I think in HP. I'm going to ask the government about it. I think that's the, at least in my mind, that's the main issue in the lack of findings on that is what really drew my attention. So I want to give you a chance to address that. Thank you. HP, as you know, if you follow the facts as we've outlined them in our brief and also in the transcript, HP was a young lady that was the one, the first starting to be investigated. She was 15, 14 at the time, represented herself to be 15. And they had a relationship separate. There were no photographs explicitly exchanged either alleged by her. She did not present a victim impact statement. And we presented a document during the course of the hearing indicating that HP had represented herself to be 15 years old. So we agree that she was not listed as a victim and she was not considered a victim under the pornography statute that he was charged with. Now, I'm not going to argue, your honor, that this was not relevant conduct for the court to consider, but in considering relevant conduct, that's a different analysis. Even the PSR writer in putting this together indicated clearly that some pictures were sent that were explicit, and that's what the statute calls for. And some were not. So HP should not have been included. And as we address that specifically in our brief, HP claimed that she sent pictures, but there was no proof. So at this point, your honors, I believe the government under the rules was required to present evidence that HP sent explicit photographs, at least to the extent to establish a Bible ponderance of evidence that this was the case. So we believe that this grouping then, that ultimately ended up adding two points for each group and also adding her as the, oh, and oh, I should say we objected also on that. And then when you put that all together, he gets two extra points for the grouping and he also, for the victim in terms of the use of the computer that we add as an afterthought to our brief. Now, let me follow up on that one, which is I want to understand what happened procedurally. So there were the PSR, the pre-sentence report included findings on HP, and then the government did not present evidence on the pictures, even though, and I think this is right, I want to be sure, even though you objected to those portions of the pre-sentence report, is that the main argument? That is correct, your honor. They argued that because in our sentencing hearing, we focused on what we thought were the key issues to get the district court judge to side with us on the issue, that because we focused on those, that we should have added a different objection or we should have withdrawn our, but if you look at the Rapolo case, I think, I may be mispronouncing it, but it's the Rapolo case, that's not the standard. And also the Supreme Court has a case, I believe it's Plunkett, I could be misquoting it, but the Plunkett case only requires you to make an objection. But the government comes at us by saying we should have done more in order to make that point to the district court judge. But I agree with you, that was the procedure standard and that was the protocol that we used. And that objection was still in play at the time with regard to HP. Is there any problem, you know, I understand now completely on HP, but on minor victim 3, do we have, in your view, are you making the same argument with regard to minor victim 3 or was the procedure fine? We are making the exact same argument on 3. First of all, they sent pictures, but they don't qualify under the statute now. That's what we're arguing. They don't qualify under the statute under 2251, not under 2256. Again, that's not to say that we don't believe this might be relevant conduct, because the guidelines make it clear what you can do, but then to put them as a victim puts them in a different category, just like it did with SW. The judge's analysis goes to a whole different analysis at that point, and therefore that's where the error comes in. I hope I answered your question, your honor. I can't. You did, thank you. Okay, thank you. Now, if I can turn just briefly, and I believe that's the crux of our grouping argument, I just want to turn for a quick second to what happened at the sentencing hearing that I think requires you to remand this case to make a full record. There's no dispute if you looked at those documents that SW was not a victim under the classic sentence, and I understand as you indicated that the Straw case might be an anomaly here, but if you expand the Straw case to allow the government to represent someone to be a victim who's not a victim and let the court consider that, that throws the whole sentencing protocol into chaos, we believe. There should still be stuck with the same standard. Those representations to the court should be accurate, to defense counsel should be accurate, just like we are required to tell them accurately what to expect, and the court relied heavily on the Straw case in not allowing a remand in this case. We think a remand should have been given where we could outline in detail all of the information that we did in our original filing that we filed the next day. In the Straw case, I don't think there's evidence of a next day filing, but we filed it the next day, and we filed a supplemental report showing all of the things that we could have cross-examined her about once she got on the witness stand. With that, your honors, I'm going to stop my argument at this point, but again, you just don't know how appreciative I have been for allowing me to do this way to complete my jury trial. Thank you. All right. Thank you, counsel. For the government, Ms. Schneider. Thank you, your honor. May it please the court, my name is Tori Schneider, and I do represent the United States. I will start with the grouping issue. There was no error in the district court imposition of sentence in this case. I would like to start by pointing out that appellant did not argue that HP should not be considered separately from minor victim three. In his opening brief to this court, he argued for three groups, one of which included minor victim three. It was only in his reply brief at page three that he then argued for two groups and argued for the exclusion of minor victim three. And of course, now here at oral argument, he is arguing against minor victim three in response to judge Strauss' question. This is a representation, if you will, of the moving goalposts nature of the arguments that this case has presented throughout the prosecution. There was no error, your honors, because there were factual objections initially made to the draft PSR. And then there was an objection to the guideline calculation regarding grouping. The argument presented regarding the grouping was essentially a legal objection. And then when we got to sentencing, the grouping was not raised in the sentencing memorandum of appellant. When we got to sentencing, and it was confusing of what objections remained because some of the appellant's objections had been walked back through the sentencing memorandum, the briefing process. I wanted to ask you, it is confusing, which is one of the reasons I think that oral argument is useful in this case. But so my understanding is with regard to both minor victim three, I forgot the one, we got a lot of initials, HP, that there was an objection in the PSR, which you admit. And maybe it was a little unclear as to what the natures of the objections were during the sentencing hearing. But my understanding of the procedure is that once there is an objection to the PSR, the government then has a burden to prove it. In fact, I think we just released an opinion last week that says any objections to the PSR, you have to prove those things at the sentencing hearing. And I don't understand the government to have proved on those pictures with regard to HP and minor victim three. Am I wrong about that? So, I'm sorry. I guess I'm unfamiliar with the case from last week. So I apologize for that. However, my understanding of this court's precedent is that the objections, first of all, need to be specific and clear. The factual objections need to be specific and clear to the government on notice as to what the objection is to then what needs to be proven at sentencing. And then it's my understanding that if those factual objections will impact the sentence to be imposed, yes, Your Honor, you are absolutely correct. In my career, there have been factual objections made by defendants that do not impact the guidelines and do not impact the sentence to be imposed. And so we don't prove up every single factual objection that is made by a defendant if that factual objection does not impact the sentence to be imposed. So that's a fair point. And maybe you're going to argue that he didn't make this grouping argument, but when we have a grouping argument accompanying those objections, then shouldn't the government have to prove up these particular pictures and deal with the objection? Not in this case, Your Honor, because the grouping argument wasn't based on those factual objections. If, in fact, Your Honor, if it was here are these factual objections and then just a blanket, I'm objecting to the grouping, that would be one thing. In this case, what we had was here are factual objections and then here's my grouping objection, but I'm going to explain my grouping objection. And it's due to mathematics. It's due to this over-represents his conduct. We don't think H.P. should be included because she's not a victim of a count of conviction. Because there were those reasons attached to that objection, that led the government to believe that's the reason for that guideline objection. And it was a legal objection. It did not relate to the factual objections. So, first of all, going into the second demerit, the government did not believe... Just wait a minute. As I look at the objections that were raised originally, you know, that Mr. Parrish said that they objected to the events as described by H.P., then that no photographs were ever found, and that there's admission that the cell phone was taken into possession. It should have been able to have been investigated, and that as a result... And so at least for H.P., there is this factual objection. Then there's an objection raised to the grouping, right? And that sits there. Now, you've got the problem with his memo, his sentencing memo, where he didn't bother to talk about any of the grouping there. And the question is, has he abandoned that or not abandoned that? What does that mean? But then, when you get to the hearing, he makes this objection to the grouping, and that seems to bring it all sort of back to life at some level. Now, why wasn't that enough to put the United States on notice that they needed to present evidence on this factual question that was unresolved? I think MV3 is another thing, and I think that there certainly is no evidence that those photographs were proven, you know? But I'm not as convinced that it was preserved in the same way that H.P. was. H.P. seems to me like it's clearly set forth what the problem is. Thank you, Your Honor. Because once we got to the sentencing hearing, first of all, the government did have the case agent there. In fact, we had two witnesses present and prepared to testify because appellant would not tell us what witnesses he was calling and what issues he was going to be raising. So we waited to hear what issues, what objections was he pursuing at sentencing, which as the district court, that was the first thing the district court asked because the district court couldn't tell what was remaining. And when counsel announced or identified the remaining objections, when he announced his grouping objection, again, he only stated that one should be excluded, and he only argued, again, the mathematics of it, it overrepresents the conduct. He never identified his factual objections as outstanding or remaining. He didn't pursue them, and he didn't make an argument to the district court that the reason for his grouping objection had anything to do with his factual objections. It was not clear to you in the transcript. Excuse me. So what I'm hearing you say is that because what Mr. Parrish said at that hearing was that, and then as to grouping, Judge, there's the grouping offense and our objections are to grouping. You saw that. And then he goes on to say, I think LH should be excluded, that by that last sentence, LH should be excluded, that that somehow pointed the government in the direction that HP and MV3 are no longer issues because they are not preserved in the same way and that you had no notice and you had the witnesses there. You could have called them if you knew. That's kind of your argument. Yes, Your Honor. And so there's some kind of abandonment, waiver, forfeiture, whatever it actually fits into that that's what's happened at that point in your opinion. Yes, Your Honor. And I think it's very clear if our full review of the transcript that no one in that room believed that there were factual objections outstanding. The district court did not make any factual findings, did not state that it needed to make any factual findings or that none were required in order to decide the grouping issue. It didn't admonish the government for relying on contested facts when making its argument regarding grouping. And after the district court found the guideline range and decided the grouping issue, appellant never objected and said, wait a minute, you're relying on contested facts. After the sentence was imposed, appellant didn't object and say you've relied on contested facts. At no point in that sentencing hearing was there ever a mention that there were factual objections outstanding and that the district court had relied on them. This is an experienced district court judge, the then chief judge, and at no point did anyone discuss factual objections or believe that there were any factual findings that needed to be made. Well, let's presume that everything you said is exactly right. Aren't we still in plain air land? Because we know there can't be waiver, I don't think, because there were objections. And the waiver would consist of, Your Honor, I'm intentionally relinquishing, I'm giving up that particular objection. But there were objections, there was a grouping argument, the connection wasn't made, so we're in forfeiture plain air land. So why wouldn't this be plainly erroneous without the presentation of evidence by the government? And maybe you're going to tell me plain air doesn't apply in this context, and that's fine. We couldn't actually pin it down very well in the case law. So I guess I'm going to quibble with your premise for just a moment and say I think waiver is in play. If the district court says, counsel, what are the outstanding objections and the factual objections are not identified or pursued, I believe waiver is in play. Regardless of the initial objections. Even if defense counsel forgot, I mean, that's the whole point of forfeiture. If defense counsel forgot, I mean, I just don't think that you need to say something. Yes, I'm intentionally, you know, I'm giving up this particular, you've dealt with those objections, I'm giving them up. I mean, a way to read this is he just forgot that there were still some outstanding objections. Perhaps he did, Your Honor, but I do believe that you need to continue to assert them and that failure to do so does constitute waiver. No, no, no, no. Hold on, wait a minute. Doesn't that, the failure to do so at that point without proof that you've truly abandoned your argument and you've waived it leaves it in forfeiture land, doesn't it? Well, I think because of the initial objection is why it wouldn't be a forfeiture. Well, the initial objection is raised at the very beginning in his objections to the PSR where he clearly states, at least as to HP, that no photographs were ever proven and the non-existence of those photographs raises that factual question, that allegation, right? And so at that point, it's objected to, and once it's objected to, you need to, to get to waiver, you have to fit, you have to knowingly give it up, right? And there's nothing in this record that would show that there was a knowing surrender of the right to advance this argument. So even though I started off with abandonment, waiver, or forfeiture, it seems like this is truly a forfeiture question, right? Have I missed it? Perhaps. It was my understanding that not raising it at all would be the forfeiture, but raising it and then not pursuing it would be waiver. Perhaps I'm misunderstanding that. Well, maybe I misunderstand the law of forfeiture. It wouldn't be the first time I'm wrong, you know. But to go back to Judge Strauss' further question, yes, I think it would fall into then plain error because it wasn't further objected to at the sentencing hearing, but it is not plain error, Your Honor. It would be harmless as argued in our brief and because of two reasons. First of all, there is evidence in the record. There is a detention hearing transcript that the government, in addition to just being able to call our case agent, the case agent testified at the detention hearing regarding all of this information and we would have just pointed the district court to that transcript. Appellant did appeal the district court decision regarding this. So that evidence of HP is in the record. That transcript is at docket 40. And so that evidence is in the record. And then second, because the district court rejected the guidelines in this case, which appellant agrees with in his reply brief, that this was a purely 3553A sentence. Any error, even if you find plain, it is still harmless error in this case. Counsel, I just want to clarify something you said at the opening of your argument. Did I understand you to say that you think that the appellant did not make the grouping argument in its opening brief in this court? I thought I heard you say it only came up in the reply brief. The argument that he's making now, that is correct, regarding the number of groups, your honor. Judge Strauss asked Mr. Parrish if he was also arguing against MV3 and both to the district court in his opening brief, he made the argument that there should be three groups, which includes minor victim three. And then in the reply brief on page three, he argued that there should be two groups, which then in response to Judge Strauss' question of, is he contesting minor victim three, that would then also make that be two groups instead of three. So these are the first times he's making the two groups versus three argument is now on appeal. Just to clarify one more thing though, you're not saying that he didn't make the argument about HP and the three groups in the initial brief. It's only as to minor victim three, correct? That's correct. I will conclude, obviously my time is up. I would like to say that if the court disagrees with the government and does remand, the government is requesting in accordance with United States versus Soros, the opportunity to substantiate evidence at a remand because of the confusing nature of these objections that were presented below. But the government does respectfully request that you affirm appellant sentence. Thank you. All right. Thank you, counsel. I thank you, your honors. I'm prepared to go. I think the government is really arguing, let's stretch out the replogal case that you have from 2011. So as an objection, Judge Strauss is sufficient. Not only do we make an objection, but the government asked, who are our witnesses? We brought an expert that if you look at the pleading, she goes over and over again. This is a very highly contested case and no one is disputing that because the stakes were high for everyone in this case. But we gave up the expert. You'll see a pleading, what she's saying, we want to exclude our expert witness. She knew we would bring an expert. She knew we were presenting a document on HP specifically because that document was filed in advance. We were still contesting our objections to HP because this was the investigation that started when this kid was 18 years old. We also knew that HP had not provided a photograph. They had not provided a victim impact statement. And also we were arguing that there was some discrepancy, perhaps, with regard to the age. So HP was critical. And I don't think this court, I can't tell the court what to do. I'm not sure it's a wise move to say a lawyer filed an objection and the government does not follow it, but that's a reason to allow an expansion of this idea that defense lawyers have to continually file objections or that they have to, what I would call, argue every issue on sentencing. I think you have a good idea of what sentencings are like. They move pretty rapidly. Yes, he's an experienced judge. No one's disputing that. But he also moves his case pretty rapidly. So you better get to the point and you better argue the points that you think can be successful. The ones he doesn't get to, that's not our fault. But that objection was there. And the government is trying to say, well, your honors, we were confused. We had witnesses there. They easily could have put their witnesses on, just like they took time to put on a witness who was not a victim and her mother who was not a victim. They had plenty of time to rebut that. Just to follow up. So the government makes a pretty strong point. The district court says, look, anything else, any other objections I haven't dealt with? And apparently you, I think you were trial counsel, said, no, you've covered everything, your honor. What do we make of that? Well, I didn't have to go back and I've done a lot of hearings in front of this district court judge and have great respect for him. But I would say we had made our objection. He had plenty of time to look at it. The government had plenty of time to look at it. They had now presented. Now, if it was at the end of the time that this alleged victim testified, we could have been scrambling around trying to figure out how does she qualify as a victim and how did she put her in as a witness. But I offer no excuses for this other than to say we made our objection. We made them according to the rules. We comply with the law and we comply with our objections to make sure that it was valid. I don't think we have a duty to argue every specific point at sentencing. With that, you know, wait a minute. I understand that. I understand where you're at on that, but you know, no evidence is offered on this particular issue. No argument is made on this particular issue. And you say, no judge, I think that about covers it. Well, I would say your honor, there was something offered. There is an exhibit that we introduced as part of the sentencing hearing related specifically to H.P. as to how her age was represented to be different than what she indicated. Okay. I think that preserves it also. I don't think there was any issue of forfeiture. The objection, I don't think this is the case to expand the objection rule. It's there. It complied with Rogel and replied with the Supreme Court objection is sufficient. And I don't, based upon the government's argument that they were misled at all. They easily could have presented evidence to establish a preponderance. They have a, they don't have a difficult task in a case like this. Thank you, your honor. All right. Thank you, counsel. Appreciate your argument this morning and the case is submitted. The court will render a decision as soon as possible. Thank you so much. And I appreciate it again. Allow me to argue this way. And thanks.